UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
In re NAVIENT SOLUTIONS, LLC,                   Case No. 21-21049 (MG)
                 Alleged Involuntary Debtor.   Case Previously Dismissed
-------------------------------------------------------------------------x On Jurisdictional Grounds
SARAH BANNISTER; BRANDON HOOD; LABARRON
TATE; AUSTIN C. SMITH & SMITH LAW GROUP LLP,
      Appellants (Petitioning Creditors and their Counsel),
      -against-                      Case No. 21-cv-02897-JGK
NAVIENT SOLUTIONS, LLC,
      Appellee (Alleged Involuntary Debtor).
-------------------------------------------------------------------------x
PUBLIC INTEREST CAPITAL, LLC; MICHAEL B.
WOLK; and LAW OFFICES OF MICHAEL B. WOLK, P.C.,
         Movants,
      -against-
NAVIENT SOLUTIONS, LLC,
         Alleged Involuntary Debtor.
-------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER:**

**(A) PURSUANT TO 28 U.S.C. 157(d), DIRECTING A MANDATORY WITHDRAWAL, TO AN ARTICLE III DISTRICT COURT, OF A POST-DISMISSAL PROCEEDING RECENTLY FILED IN AN ARTICLE I BANKRUPTCY COURT BY THE ALLEGED INVOLUNTARY DEBTOR AGAINST MOVANTS (WHO WERE NON-PARTIES WHEN THE INVOLUNTARY CASE WAS COMMENCED AND DISMISSED)**

**- - PARTICULARLY WHERE SUCH PROCEEDING WAS RECENTLY FILED <u>AFTER A PRIOR DISMISSAL OF THE INVOLUNTARY CASE ON JURISDICTIONAL GROUNDS</u>, UNDER THE FEDERAL ABSTENTION STATUTE IN 11 U.S.C. 305, MEANING THERE IS NO "CASE OR CONTROVERSY" UNDER ARTICLE III OF THE U.S. CONSTITUTION, <u>AND NO SUBJECT MATTER JURISDICTION EXISTS TO ADJUDICATE ANY MERITS ISSUES IN THE POST-DISMISSAL PROCEEDING UNDER ARTICLE III OF THE CONSTITUTION</u> - -**

**BECAUSE A RESOLUTION OF THE POST-DISMISSAL PROCEEDING REQUIRES CONSIDERATION OF BOTH (i) TITLE 11 (BANKRUPTCY LAW) <u>AND</u> (ii) NON-BANKRUPTCY LAWS OF THE UNITED STATES ARISING UNDER THE UNITED STATES CONSTITUTION, AND/OR NON-BANKRUPTCY FEDERAL STATUTES, REGULATING PERSONS OR ACTIVITIES AFFECTING INTERSTATE COMMERCE; AND**

**(B) <u>AN IMMEDIATE STATUS QUO TEMPORARY STAY ORDER</u>**

**<u>Table of Contents</u>**                                    **<u>Page</u>**

**Preliminary Statement**                                       **4**

**Procedural History**                                          **5**

**POINT ONE**                                                   **16**

**PURSUANT TO THE MANDATORY WITHDRAWAL STATUTE
IN 28 U.S.C. 157(d), ONLY AN ARTICLE III DISTRICT COURT
(NOT AN ARTICLE I BANKRUPTCY COURT) HAS SUBJECT
MATTER JURISDICTION OVER NAVIENT'S POST-DISMISSAL
PROCEEDING AGAINST NONPARTY PICAP AND NONPARTY
PICAP COUNSEL <u>BECAUSE</u> A RESOLUTION OF THE POST-
DISMISSAL PROCEEDING REQUIRES CONSIDERATION OF
BOTH (i) TITLE 11 (BANKRUPTCY LAW) <u>AND</u> (ii) NON-
BANKRUPTCY LAWS OF THE UNITED STATES ARISING
UNDER THE UNITED STATES CONSTITUTION AND/OR
NON-BANKRUPTCY FEDERAL STATUTES, REGULATING
PERSONS OR ACTIVITIES AFFECTING INTERSTATE COMMERCE.**

    **A. Standard For A Mandatory Withdrawal Of A Proceeding To**    **16**
        **An Article III District Court Under 28 U.S.C. 157(d).**

    **B. Navient's Post-Dismissal Proceeding Against Nonparty PICAP,**    **19**
        **And Nonparty PICAP Counsel, Must Be Withdrawn To An**
        **Article III District Court, Under 28 U.S.C. 157(d), Because**
        **A Resolution Of The Post-Dismissal Proceeding Requires**
        **Consideration Of Non-Bankruptcy Laws Arising Under**
        **Article III Of The United States Constitution, Such As:**

        **Where, As Here, An Involuntary Bankruptcy Case Is Dismissed**
        **On Jurisdictional Grounds Under The Federal Abstention**
        **Statute In 11 U.S.C. 305 - - Whereby The Bankruptcy Court**
        **Declines To Exercise Jurisdiction Over The Involuntary**
        **Bankruptcy Case - - Whether Such A Jurisdictionally-Based,**
        **Abstention Dismissal Means (i) There Is No "Case Or**
        **Controversy" Under Article III Of The United States Constitution**
        **And, Thus, (ii) The Bankruptcy Court Is Constitutionally**
        **Prohibited, Under Article III Of The United States Constitution,**
        **From Adjudicating Any Merits Issues In Connection With**
        **The Jurisdictionally-Rejected, Involuntary Bankruptcy Case?**

    **C. In Addition To The Required Consideration Of Non-Bankruptcy**    **23**
        **Laws, Arising Under Article III Of The United States Constitution,**
        **In Order To Resolve Navient's Post-Dismissal Proceeding Against**
        **Nonparty PICAP And Nonparty PICAP Counsel - - Thereby**

**Page**

**Triggering The Mandatory Withdrawal Of Such Proceeding To
An Article III District Court Under 28 U.S.C. 157(d) - - <u>There Also
Are Non-Bankruptcy Federal Laws (Apart From The Constitution)
That Must Be Considered To Resolve Such Proceeding But Only
In The Event</u> That (i) The Article III District Court Were Not To
Dismiss Such Proceeding For Lack Of Subject Matter Jurisdiction
Under Article III Of The United States Constitution And (ii) The'
Article III District Court Were To Adjudicate The Merits Of
Such Proceeding.**

**POINT TWO**                                                                                      **28**

**PURSUANT TO FRBP 5011(c) AND/OTR FRBP 8007€ AND/OR
THE INHERENT ARTICLE III POWER OF THE DISTRICT
COURT, <u>AN IMMEDIATE, STATUS QUO, TEMPORARY
STAY ORDER SHOULD BE ISSUED</u>, TEMPORARILY
RESTRAINING NAVIENT FROM PURSUING ITS POST-
DISMISSAL PROCEEDING IN AN ARTICLE 1 BANKRUPTCY
COURT <u>UNTIL</u> THIS ARTICLE III DISTRICT COURT,
AS STATUTORILY REQUIRED BY 28 U.S.C. 157(d) AND
FRBP 5011, DECIDES THIS MOTION FOR A MANDATORY
WITHDRAWAL OF SUCH POST-DISMISSAL PROCEEDING
TO THIS ARTICLE III DISTRICT COURT.**

**Conclusion**                                                                                     **34**

## **PRELIMINARY STATEMENT**

Public Interest Capital, LLC ("PICAP"), and its counsel Michael B. Wolk and

Law Offices of Michael B. Wolk, P.C. ("PICAP Counsel") (together, PICAP and PICAP

Counsel shall be defined as "Movants"), respectfully submit this Memorandum of Law in

support of Movants' motion for relief in connection with 28 U.S.C. 157(d), and FRBP

5011, statutorily requiring an Article III District Court to decide a motion for mandatory

withdrawal of a proceeding from an Article I Bankruptcy Court to an Article III District

Court.  Specifically, Movants seek the following relief on this motion:

    (a) An Order, pursuant to 28 U.S.C. 157(d), directing a mandatory withdrawal, to an Article III District Court, of a post-dismissal proceeding recently filed in an Article I Bankruptcy Court by the Alleged Involuntary Debtor Navient Solutions, LLC ("Navient") against Movants (who were non-parties when the involuntary case was commenced and dismissed) - -

    Particularly where such proceeding was recently filed **after a prior dismissal of the involuntary case on jurisdictional grounds**, under the federal abstention statute in 11 U.S.C. 305, meaning there is no "case or controversy" under Article III of the United States Constitution, **and no subject matter jurisdiction exists to adjudicate any merits issues in the post-dismissal proceeding under Article III of the Constitution** - -

    Because a resolution of the post-dismissal proceeding requires consideration of both (i) Title 11 (bankruptcy law) and (ii) non-bankruptcy laws of the United States arising under the United States Constitution, and/or non-bankruptcy federal statutes, regulating persons or activities affecting interstate commerce;

    (b) **An Immediate, Status Quo, Temporary Stay Order**, pursuant to FRBP 5011 and/or FRBP 8007(e) and/or the inherent Article III power of the District Court, temporarily restraining Navient from pursuing its post-dismissal proceeding in an Article I Bankruptcy Court **until** this Article III District Court, as statutorily required by 28 U.S.C. 157(d) and FRBP 5011, decides this motion for a mandatory withdrawal of such post-dismissal proceeding to this Article III District Court; and

    (c) An Order granting such other and further relief as this Article III District Court deems appropriate to protect Movants' non-

bankruptcy, federal law (i) Subject Matter Jurisdiction rights arising under Article III of the United States Constitution, (ii) Due Process rights arising under Articles 5 and 14 of the United States Constitution and (iii) rights under non-bankruptcy federal statutes identified herein - - as well as to protect the constitutional separation of powers between Article III District Courts and Article I Bankruptcy Courts - - including, but not limited to the issuance of an **Immediate, Status Quo, Temporary Stay Order** temporarily restraining Navient from continuing its constitutionally prohibited post-dismissal proceeding in an Article I Bankruptcy Court **until** this Article III District Court determines whether, due to the prior jurisdictional dismissal of the involuntary case, subject matter jurisdiction exists to adjudicate any merits issues in the post-dismissal proceeding under Article III of the Constitution.

The Court is respectfully referred to the accompanying Declaration of Michael B. Wolk dated April 14, 2021 ("Wolk Decl."), and the exhibits thereto, for the documented facts and circumstances relevant to the Movants' requested relief.

## **PROCEDURAL HISTORY**

On Monday February 8, 2021 and February 10, 2021, Sarah Bannister, Brandon Hood and LaBarron Tate (together, "Petitioning Creditors") commenced an involuntary Chapter 11 bankruptcy case against Navient, as an Alleged Involuntary Debtor, upon Petitioning Creditors' filing of an involuntary petition, and related involuntary petition supplement with exhibits, in the Bankruptcy Court. Wolk Decl., BCt Dkt 1-3.[1]

On Wednesday February 17, 2021, Navient filed a pre-answer motion to dismiss the involuntary case based upon (a) a threshold jurisdictional ground under the federal abstention statute in 11 U.S.C. § 305, authorizing the Bankruptcy Court, in certain

---

[1] "BCt Dkt" means the electronically filed docket for the involuntary case maintained by the Clerk's Office at the United States Bankruptcy Court for the Southern District of New York. It is respectfully requested that the District Court, on this motion, take judicial notice of electronic filings in such case docket that are referenced in this memorandum of law but not attached as exhibits to the Wolk Decl. BCt Dkt 1 contains the involuntary petition filed by Petitioning Creditors. BCt Dkt 2-3 contains the related involuntary petition supplement with exhibits filed by Petitioning Creditors.

circumstances, to decline the exercise of jurisdiction over the involuntary case or (b) non-jurisdictional, merits-related, grounds involving the non-jurisdictional, statutory provisions in 11 U.S.C.§ 303(b) and/or 11 U.S.C. § 303(h) (and/or a non-jurisdictional, merits-related, judicially-created, "bad faith" ground).  Wolk Decl., BCt Dkt. 14-16.

Although Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure ("FRBP") statutorily requires that Petitioning Creditors must be afforded at least 20-days advance notice of a motion seeking to dismiss a voluntary (or involuntary) Chapter 11 case, the Bankruptcy Court granted Navient's application, filed on February 17, 2021, to only afford three (3) business days to Petitioning Creditors, until Monday February 22, 2021, to respond to Navient's pre-answer motion to dismiss.  Wolk Decl., BCt Dkt. 19. Moreover, with respect to a motion to dismiss an involuntary bankruptcy case on jurisdictional grounds under the federal abstention statute in 11 U.S.C. 305, FRBP 1017(d) also statutorily requires that Petitioning Creditors must be afforded at least 20-days advance notice, as mandated by FRBP 2002(a) for any motion to dismiss a voluntary (or involuntary) bankruptcy case.

Notwithstanding these statutory due process requirements in the Federal Rules of Bankruptcy Procedure, directing the Bankruptcy Court to afford Petitioning Creditors at least 20-days advance notice of Navient's pre-answer motion to dismiss, the Bankruptcy Court nonetheless (a) ordered Petitioning Creditors to respond to Navient's pre-answer motion to dismiss within three (3) business days and (b) imposed an expedited "hearing" date, for oral argument from counsel, within seven (7) days for Thursday morning February 25, 2021 at 10:00 a.m.  Wolk Decl., BCt Dkt. 19.

On Thursday February 17, 2021, Austin Smith and Smith Law Group LLP, as counsel for Petitioning Creditors, filed an application seeking to convert Navient's pre-answer motion to dismiss into a summary judgment motion. Wolk Decl., BCt Dkt. 17 & 22. The Bankruptcy Court promptly denied the application. Wolk Decl., BCt Dkt. 24.

During the late afternoon on Tuesday February 22, 2001, non-party PICAP, represented by non-party PICAP Counsel, sought to intervene into the case as a proposed "joinder creditor," both in (a) PICAP's proposed individual capacity as a recent purchaser of an unsecured claim from one of Navient's unsecured creditors who, as of August 31, 2020, had successfully obtained a significant victory against Navient in a unanimous, published, appellate ruling from the United States Court of Appeals for the Tenth Circuit. See *McDaniel v. Navient Solutions, LLC*, 973 F.3d 1083 (10th Cir. 2020)[2] and (b) PICAP's proposed "class claim" capacity in asserting a "class claim" on behalf of a group of similarly situated, unsecured creditors against Navient, arising from that appellate decision from the United States Court of Appeals. Wolk Decl., Exh. A. PICAP's proposed intervention application was accompanied by a filed application seeking a short adjournment of the "hearing" (counsel oral argument) directed by the Bankruptcy Court for Thursday morning February 25, 2021 at 10:00 a.m. Wolk Decl., Exh. A. The Bankruptcy Court promptly denied the application for an adjournment. *Id*.

At the "hearing" (counsel oral argument) on Thursday morning 25, 2021, Navient **SUCCESSFULLY ARGUED** that PICAP should not be legally allowed to intervene and become a "joinder creditor" in the case. See Wolk Decl., Exh. B, pages 30-32 in the February 25, 2021 Transcript indicating that Navient opposed PICAP's attempt to

---

[2] Counsel for Petitioning Creditors in this involuntary case (Austin Smith and Smith Law Group LLP) was the successful counsel who successfully obtained a significant victory against Navient in this unanimous, published, appellate ruling from the United States Court of Appeals for the Tenth Circuit. *Id*.

intervene and become a "joinder creditor" in the involuntary case on three distinct grounds: (1) the Bar to Joinder Doctrine (see p. 31), (2) the statutory Joinder Requirements under Rule 1003(a) of the Federal Rules of Bankruptcy Procedure (see p. 30) and (3) the alleged non-assignability of the unsecured claim to PICAP (p. 30). See also, *Id.*, pages 64-65 in the February 25, 2021 Transcript where the Bankruptcy Court, after the conclusion of oral argument from counsel, ruled that PICAP's "purported joinder" had been "denied" and that such purported joinder "purports to assert an assigned claim." Later that same day, on February 25, 2021, the Bankruptcy Court entered an Order dismissing the case based upon, *inter alia*, the jurisdictional ground under the federal abstention statute in 11 U.S.C. 305. Wolk Decl., Exh. C, p. 2, par. 2 ("[T]he Court abstains from adjudicating the Involuntary Case pursuant to section 305(a) of the Bankruptcy Code.").

Significantly, in paragraph 3 of that written dismissal order, entered February 25, 2021, the Bankruptcy Court denied PICAP's attempt to intervene and become a "joinder creditor" in the involuntary case, by ruling that "Any and all motions, notices, objections, responses, joinders, or other pleadings or filings concerning this Involuntary Case and the [Dismissal] Motion that have not been decided prior to the date hereof are denied, dismissed, and/or overruled." Wolk Decl., Exh. C, p. 2, par. 3.

On March 8, 2021, the Bankruptcy Court also entered and published an Order and Opinion explaining the reasons for the dismissal of the involuntary case based upon, *inter alia*, the jurisdictional ground under the federal abstention statute in 11 U.S.C. 305. Wolk Decl., Exh. D, see pp. 25-29. In that March 8, 2021 Order, the Bankruptcy Court again denied PICAP's attempt to intervene and become a "joinder creditor" in the case,

by ruling that "an opportunity for creditors," like PICAP, "to join the involuntary petition

is unnecessary."  Wolk Decl., Exh. D, p. 25, n. 14.

***

As a threshold matter, these documented facts legally preclude Navient - - who

**SUCCESSFULLY PERSUADED** the Bankruptcy Court to issue a ruling that PICAP

should not be legally allowed to intervene and become a "joinder creditor" in the case - -

from now attempting to advance a disingenuous argument, in its post-dismissal

proceeding, that PICAP purportedly became, or was allowed by the Bankruptcy Court to

intervene and become, a "joinder creditor" in the case.  Navient never filed an appeal or

reconsideration motion about the Bankruptcy Court's ruling that PICAP should not

legally be allowed to intervene and become a "joinder creditor" in the case.  Even

Navient concedes in its post-dismissal proceeding that, in the absence of PICAP having

legally become a "joinder creditor" in the case, neither PICAP, nor PICAP counsel, has

any hypothetical "legal fee shifting liability" to Navient.  Wolk Decl., Exhs. E-F.

Indeed, pursuant to the Judicial Estoppel Doctrine, **Navient's successful**

**argument in persuading the Bankruptcy Court to issue a ruling** that PICAP should

not legally be allowed to intervene and become a "joinder creditor" in the case legally

precludes Navient from even asserting, in its post-dismissal proceeding, that PICAP

purportedly became, or was allowed by the Bankruptcy Court to intervene and become, a

"joinder creditor" in the case.  See, e.g., *New Hampshire v. Maine*, 532 U.S. 742. 749

(2001) (Supreme Court ruled that "Where a party assumes a certain position in a legal

proceeding, and succeeds in maintaining that position, he may not thereafter simply

because his interests have changed, assume a contrary position."); *Peralta v. Vasquez*,

9

467 F.3d 98, 105 (2d Cir. 2006) (Second Circuit ruled that to invoke the judicial estoppel doctrine "(1) the party against whom it is asserted must have advanced an inconsistent position in a prior proceeding, and (2) the inconsistent position must have been adopted by the court in some manner.").

Moreover, FRBP 1018 (and the statutory requirements incorporated therein) also statutorily preclude Navient from even asserting, in its post-dismissal proceeding, that PICAP purportedly became, or was allowed by the Bankruptcy Court to intervene and become, a "joinder creditor" in the case. FRBP 1018 provides that the intervention-joinder rule under FRBP 7024, involving an adversary proceeding, applies to an involuntary bankruptcy case. FRBP 7024 provides that the intervention-joinder rule under Rule 24 of the Federal Rules of Civil Procedure ("FRCP") applies to an adversary proceeding. FRCP 24 requires, *inter alia*, that a "motion to intervene must be served on the parties" and a statutorily required intervention motion "must state the grounds for intervention." Here, as documented above, the Bankruptcy Court never granted any motion for intervention-joinder involving PICAP - - and, in fact, the Bankruptcy Court ruled that PICAP should not legally be allowed to intervene and become a "joinder creditor" in the case. Thus, due to the absence of a ruling allowing PICAP to intervene and become a "joinder creditor" in the case - - which is a statutory requirement under FRBP 1018 (incorporating the intervention-joinder rule under FRBP 7024 and FRCP 24) - - Navient is statutorily precluded from even asserting, in its post-dismissal proceeding, that PICAP was legally allowed to become a "joinder creditor" in the case.

In addition, FRBP 1003, and appellate precedent applying the same, also statutorily preclude Navient from even asserting, in its post-dismissal proceeding, that

PICAP purportedly became, or was legally allowed to become, a "joinder creditor" in the case. FRBP 1003 disqualifies a person from being treated as a legally allowable "joinder creditor" in an involuntary case where, as here, the Bankruptcy Court finds that the attempted "joinder creditor" acquired the claim for the purpose of seeking "to join" in an involuntary case. Wolk Decl., Ex. B; see, e.g., the FRBP 1003 disqualification ruling from the Court of Appeals in *Kelly v. Harrell*, __ F. App'x __, No. 14-1686 (7th Cir. Mar. 3, 2015) (collecting FRBP 1003 disqualification cases). Thus, Navient is statutorily precluded from even asserting, in its post-dismissal proceeding, that PICAP purportedly became, or was legally allowed to become, a "joinder creditor" in the case.

Finally, governing precedent from the United States Supreme Court has rejected Navient's disingenuous argument, in its post-dismissal proceeding, that nonparty PICAP should purportedly be treated as a "joinder creditor" notwithstanding the documented facts that (a) **Navient SUCCESSFULLY ARGUED and PERSUADED the Bankruptcy Court** to issue a ruling that denied "joinder creditor" status to PICAP and/or (b) not only is there no Bankruptcy Court ruling that grants any motion for intervention-joinder involving PICAP (which is statutorily required), there is, in fact, a Bankruptcy Court ruling that denied "joinder creditor" status to PICAP. See, e.g., United States Supreme Court precedents in *Martin v. Wilks*, 490 U.S. 755, 765 (1989) ("**Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree**.") (emphasis added); *Karcher v. May*, 484 U.S. 72, 77-78 (1987) ("One who is not an original party to a lawsuit may of course become a party by intervention, substitution, or third-party practice [cits. om.]. But we have

consistently applied the general rule that one who is not a party or has not been treated as

a party to a judgment has no right to appeal therefrom [cits. om.].”); *Lance v. Dennis*, 546

U.S. 459, 466 (2006) (“The Rooker-Feldman doctrine does not bar actions by nonparties

to the earlier [ ] court judgment simply because, for purposes of preclusion law, they

could be considered in privity with a party to the judgment.”).

***

Recently, on March 29, 2021, but more than a month after the Bankruptcy Court,

on February 25, 2021, had previously dismissed the involuntary case, *inter alia*, on

jurisdictional grounds under the federal abstention statute in 11 U.S.C. 305, Navient filed

a post-dismissal proceeding seeking, *inter alia*, to impose legal fee shifting liability,

under 11 U.S.C. 303(i)(1), .on nonparty PICAP and on nonparty PICAP Counsel,

jointly and severally, **for having had the temerity to file a 3-page document in the late**

**afternoon on February 23, 2021** attempting to intervene and become a “joinder

creditor” in the case [Wolk Decl. Exh. A], **and then having the temerity to appear at**

**oral argument before the Bankruptcy Court on the morning of February 25, 2021**

during which the Bankruptcy Court, as documented above, did not allow PICAP to

become a “joinder creditor” in the case.  Wolk Decl., Exhs. E-F.

Although Navient is legally precluded from attempting to impose such legal fee

shifting liability on nonparty PICAP, and nonparty PICAP Counsel, **for multiple reasons**

**arising under non-bankruptcy federal law that also require the mandatory**

**withdrawal of Navient’s post-dismissal proceeding to an Article III District Court**

**under 28 U.S.C. 157(d)** - - it is troubling that Navient unabashedly maintains, in its post-

dismissal proceeding, that despite the very limited litigation acts by PICAP and PICAP

12

Counsel, **during less than two full days from the late afternoon of February 23, 2021 to the morning of February 25, 2021**, Navient nevertheless seeks to impose legal fee shifting liability on PICAP and PICAP Counsel pay for **ALL of Navient's claimed legal fees of $608,385.44** (primarily consisting of legal services allegedly rendered on behalf of Navient during a 17-day period between the February 8, 2021 commencement date for the involuntary case and the February 25, 2021 dismissal date for the involuntary case). Wolk Decl., Exhs. E-F.

Unless an Article III District Court issues an immediate, status quo, temporary stay - - pending an Article III District Court ruling on this motion, pursuant to 28 U.S.C. 157(d), for a mandatory withdrawal of Navient's post-dismissal proceeding for adjudication by this Article III District Court - - then nonparty PICAP and nonparty PICAP Counsel are required, due to actions taken **yesterday** by the Article I Bankruptcy Court, to prepare and file answering papers **by 4:00 pm tomorrow on April 15, 2021** in response to the non-jurisdictional arguments made by Navient in its post-dismissal proceeding.  Unfortunately, the Bankruptcy Court **yesterday** denied an application by nonparty PICAP and nonparty PICAP Counsel for a temporary, status quo, stay [Wolk Decl., Exh. G] and, at the same time, the Bankruptcy Court denied a related stay pending appeal application by Petitioning Creditors and their counsel [Wolk Decl., Exh. G], thereby compelling nonparty PICAP and nonparty PICAP counsel, as contemplated by FRBP 8007(e) and FRBP 5011, to now apply directly to the District Court for an immediate, temporary, status quo stay - - pending an Article III District Court ruling on this motion by PICAP and PICAP Counsel, pursuant to 28 U.S.C. 157(d), for a mandatory withdrawal of Navient's post-dismissal proceeding for adjudication by

this Article III District Court.  As set forth herein, this motion for a mandatory

withdrawal of Navient's post-dismissal proceeding against nonparty PICAP and nonparty

PICAP Counsel to an Article III District Court should be granted, under 28 U.S.C.

157(d), because a resolution of Navient's post-dismissal proceeding against nonparty

PICAP and nonparty PICAP Counsel requires consideration of both (i) Title 11

(bankruptcy law) and (ii) non-bankruptcy laws of the United States arising under the

United States Constitution, and/or non-bankruptcy federal statutes, regulating persons or

activities affecting interstate commerce.

Unfortunately, despite the filing of a substantively serious memorandum of law

on April 9, 2021 in support of the related stay pending appeal application filed by the

Petitioning Creditors and their Counsel [Wolk Decl., BCt Dkt 57], and the stay

application filed on April 11, 2021 (and renewed on April 13, 2021) by nonparty PICAP

and nonparty PICAP Counsel [Wolk Decl., Exh. G], the Bankruptcy Court **yesterday**

denied these status quo, stay applications in a two-sentence order **(a) without providing**

**any factual reason, or any legal reason, for such stay denial order and (b) without**

**providing any analysis of the four stay factors used by Article III Courts in deciding**

**stay applications**, to wit: (i) a likelihood of success on the merits (or a sufficiently

serious question going to the merits and a balancing of the equities tipping decisively in

favor of the stay applicant), (ii) irreparable harm to the stay applicant in the absence of a

stay (and such irreparable harm exists when it is alleged that an applicant's constitutional

rights have been violated, or are threatened with being violated), (iii) whether there is any

legally cognizable injury to the non-movant if a stay were issued and, if so, whether a

balancing of harms favors the stay applicant and (iv) whether the public interest favors a

stay.  See case law precedent in Point II below.  Unfortunately, since the Article I

Bankruptcy Court failed to provide **any reason** for its two-sentence stay denial order,

there is no factual analysis or legal analysis from the lower court for the Article III

District Court to review and evaluate.

Unfortunately, the Article I Bankruptcy Court yesterday also denied a temporary,

status quo, stay - - **even though the multiple attorneys comprising Navient's counsel,**

**who received immediate electronic service of the stay applications, failed to submit**

**any opposition to such stay applications that were filed on April 9, April 11, and the**

**morning of April 13**.  Wolk Decl., Exh. G.

Unfortunately, since the record reveals that the Article I Bankruptcy Court issued

a two-sentence, stay denial order yesterday - - without providing any reason for such stay

denial order and even though Navient failed to submit any opposition to the temporary

stay applications - - the upshot is that the Article I Bankruptcy Court, in substance, has

inappropriately compelled the preparation and filing of answering papers **by 4:00 pm**

**tomorrow** in response to non-jurisdictional arguments in a post-dismissal proceeding

seeking to impose over $600,000 in legal fee shifting liability (primarily incurred over a

17-day period), jointly and severally, in apparent disregard of case-law precedent from

the Supreme Court and Second Circuit (which was presented to the Article I Bankruptcy

Court on the stay applications) that: (a) the Article I Bankruptcy Court, once it dismissed

the involuntary case on jurisdictional grounds under the federal abstention statute in 11

U.S.C. 305, is **constitutionally prohibited from adjudicating any merits issues** under

Article III of the United States Constitution and/or (b) **only an Article III District Court**

**(not an Article I Bankruptcy Court) has subject matter jurisdiction over Navient's**

**post-dismissal proceeding under 28 U.S.C. 157(d).**

**POINT ONE**

**PURSUANT TO THE MANDATORY WITHDRAWAL STATUTE IN 28 U.S.C. 157(d), ONLY AN ARTICLE III DISTRICT COURT (NOT AN ARTICLE I BANKRUPTCY COURT) HAS SUBJECT MATTER JURISDICTION OVER NAVIENT'S POST-DISMISSAL PROCEEDING AGAINST NONPARTY PICAP AND NONPARTY PICAP COUNSEL <u>BECAUSE</u> A RESOLUTION OF THE POST-DISMISSAL PROCEEDING REQUIRES CONSIDERATION OF BOTH (i) TITLE 11 (BANKRUPTCY LAW) <u>AND</u> (ii) NON-BANKRUPTCY LAWS OF THE UNITED STATES ARISING UNDER THE UNITED STATES CONSTITUTION AND/OR NON-BANKRUPTCY FEDERAL STATUTES, REGULATING PERSONS OR ACTIVITIES AFFECTING INTERSTATE COMMERCE.**

**A.  Standard For A Mandatory Withdrawal Of A Proceeding To An Article III District Court Under 28 U.S.C. 157(d).**

28 U.S.C. 157(d) provides that "The district court **<u>SHALL</u>**, on timely motion of any party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." [emphasis added]

The Second Circuit has ruled that "[t]he mandatory withdrawal provision has been interpreted to require withdrawal to the District Court of cases or issues that would otherwise require a Bankruptcy Court judge to engage in significant interpretation, **<u>as opposed to simple application</u>**, of federal laws apart from the bankruptcy statutes [cits. om.].  Even if the Bankruptcy Court considered Judge Conboy's liability finding to be res judicata, his [Bankruptcy Court] determination as to **<u>the amount of damages and the availability of affirmative defenses</u>** has yet to be made.  These questions are likely to require further interpretation of CERCLA [non-bankruptcy federal law]. . . " *City of*

*New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991) (emphasis added);[3] *accord In re Ionosphere Clubs, Inc.,* 922 F.2d 984, 995 (2d Cir. 1990) (mandatory withdrawal "reserved for cases where substantial and material consideration of non-bankruptcy code federal statutes is necessary for the resolution of the proceeding [cits. om.]"); *NLRB v. Goodman*, 873 F.2d 598, 602-604 (2d Cir. 1989) (Second Circuit *sua sponte* exercised Article III courts' mandatory withdrawal jurisdiction under 28 U.S.C. 157(d) to resolve a "question of substantive federal labor law" as to "whether a new employer is an alter ego of, or a successor to, an earlier employer for purposes of liability under the NLRA"); *In re Ames Dep't Stores, Inc.,* 512 B.R. 736, 740 (S.D.N.Y. 2014) ("**The purpose of [28 U.S.C.] 157(d) is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside of the bankruptcy code**.") (emphasis added); *SIPC v. Bernard L. Madoff Inv. Sec. LLC,* 454 B.R. 307, 312, 314, 316 (S.D.N.Y. 2011) ("[I]n determining whether withdrawal of the reference is mandatory, this Court need not evaluate the merits of the parties' claims; rather, **it is sufficient for the Court to determine that the proceeding will involve consideration of federal non-bankruptcy law** [cits. om.]" and "the burden of establishing a right to mandatory withdrawal is more easily met" where matters of "first impression are concerned" and "**Whether SLUSA preempts** the Trustee's [ ] claims will require the Bankruptcy Court to engage in significant interpretation of federal non-bankruptcy law" and "**Whether the Trustee has standing** to assert his [ ] claims will require the Bankruptcy Court to engage in significant interpretation of federal non-bankruptcy laws" and "Regardless of a

---

[3] "Withdrawal would not depend, as [withdrawal opponent] seems to think, on whether the statutory interpretation [of non-bankruptcy federal law] falls within the Bankruptcy Court's 'core' or 'non-core' jurisdiction.  See 28 U.S.C. 157(b)(1), (2), and (c)(1). . . [M]atters within this 'core' jurisdiction, upon timely motion, must be withdrawn under [28 U.S.C.] 157(d) if they require the Bankruptcy Court to substantially interpret [non-bankruptcy] federal statutes which affect interstate commerce."  *Id.*

Bankruptcy Court's familiarity with a statute outside of Title 11, the requirements for a

mandatory withdrawal are satisfied if the proceeding requires consideration of a law

outside of Title 11 [cits. om.]") (emphasis added); *In re Dana Corp.*, 379 B.R. 449, 457-

459 & n. 66 (S.D.N.Y. 2007) ("**Cases construing [28 U.S.C.] 157(d) make clear that**

**when a Bankruptcy Court is called upon to interpret statutes outside its realm of**

**[bankruptcy law] expertise, the District Court is required to remove the reference**

[cit. om.]" and the 28 U.S.C. 157(d) mandatory withdrawal standard is "satisfied even

where a non-bankruptcy federal statute only 'arguably conflicts' with the Bankruptcy

Code [cit. om.].") (emphasis added).

As this Article III District Court explained in *Picard v. Flinn Investments*, 463

B.R. 280, 287, n. 3 (S.D.N.Y. 2011), the mandatory withdrawal statute effectuates

constitutional separation of powers principles involving adjudication by an Article III

District Judge and an Article I Bankruptcy Court Judge:

> "Congress enacted 28 U.S.C. 157 in response to the Supreme Court's
> holding that Congress' broad grant of jurisdiction to the Bankruptcy
> Courts in the Bankruptcy Act of 1978 was an impermissible vesting
> of the judicial power of Article III courts in Article I adjuncts [cit. om.].
> **If mandatory withdrawal protects litigants' constitutional interest**
> **in having Article III courts interpret federal statutes that implicate**
> **the regulation of interstate commerce, then it should also, *a fortiori*,**
> **litigants' interest in having the Article III courts interpret the**
> **Constitution.  This conclusion follows from the Constitution,**
> **if not from 28 U.S.C. 157 itself** [cit. om.].  In any event, under
> 28 U.S.C. 157(d), the Court [also independently] has full discretion
> to withdraw the reference, on its own initiative, for 'cause shown,'
> and the Court finds that the litigants' interest in having an Article
> III court resolve a difficult constitutional issue constitutes
> adequate cause." [emphasis added]

*accord ATT Co. v. Chateaugay Corp.*, 88 B.R. 581, 583 (S.D.N.Y. 1988) (mandatory

withdrawal statute in 28 U.S.C. 157(d) "assures litigants that under certain circumstances

**their assertion of a federally created [non-bankruptcy] right will be considered**

**outside the narrow confines of a Bankruptcy Court proceeding by a District Court**

which considers laws regulating interstate commerce on a daily basis and is 'better

equipped to determine them than are bankruptcy judges' [cit. om.].") (emphasis added).

> **B.  Navient's Post-Dismissal Proceeding Against Nonparty PICAP,**
> **And Nonparty PICAP Counsel, Must Be Withdrawn To An**
> **Article III District Court, Under 28 U.S.C. 157(d), Because**
> **A Resolution Of The Post-Dismissal Proceeding Requires**
> **Consideration Of Non-Bankruptcy Laws Arising Under**
> **Article III Of The United States Constitution, Such As:**
>
> **Where, As Here, An Involuntary Bankruptcy Case Is Dismissed**
> **On Jurisdictional Grounds Under The Federal Abstention**
> **Statute In 11 U.S.C. 305 - - Whereby The Bankruptcy Court**
> **Declines To Exercise Jurisdiction Over The Involuntary**
> **Bankruptcy Case - - Whether Such A Jurisdictionally-Based,**
> **Abstention Dismissal Means (i) There Is No "Case Or**
> **Controversy" Under Article III Of The United States Constitution**
> **And, Thus, (ii) The Bankruptcy Court Is Constitutionally**
> **Prohibited, Under Article III Of The United States Constitution,**
> **From Adjudicating Any Merits Issues In Connection With**
> **The Jurisdictionally-Rejected, Involuntary Bankruptcy Case?**

In *In re Axona Int'l Credit & Commerce Ltd*., 924 F.2d 31, 35 (2d Cir. 1991), the

Second Circuit ruled that Congress intended for a dismissal of a bankruptcy case under

the federal abstention statute in 11 U.S.C. § 305 - - pursuant to which the bankruptcy

court declines to exercise jurisdiction over a voluntary (or involuntary) bankruptcy case

on abstention grounds - - to constitute a threshold, jurisdictionally-based, dismissal:

"***Section 305 [of the Bankruptcy Code] appears to have been originally conceived as an***

***abstention provision***.  The Senate Report accompanying [congressional enactment of 11

U.S.C. §] 305 states: 'This section recognizes that there are cases in which it would be

appropriate for the [bankruptcy] court to decline jurisdiction.   ***Abstention under this***

***section, however, is jurisdiction over the entire case***.'  S. Rep. No. 95-989 at 35; U.S.

Code Cong. & Admin. News 1978, pp. 5787, 5821.   Such abstention provisions in the

bankruptcy context also appear at 28 U.S.C. §§ 1334(c) and 1452(b).   These provisions

permit a [bankruptcy] judge to refuse to assert jurisdiction over a case in favor of

providing an alternate forum.  Such abstention decisions are normally made at the outset

of a case, before the abstaining court has acted to affect any of the parties' substantive

rights and are, appropriately, unreviewable because they would prove an unwarranted

burden on scarce appellate resources and because the merits will be adjudicated

elsewhere from which an appeal will presumably then follow." [emphasis added]

Indeed, in *Sinochem Int'l v. Malaysia Int'l Shipping*, 549 U.S. 422, 127 S.Ct.

1184, 1190-1193 (2007), the United States Supreme Court ruled that an abstention-based

dismissal of a case constitutes a threshold, jurisdictionally-based dismissal that

constitutionally prohibits the court from adjudicating any merits issues under Article III

of the United States Constitution:

> "We have characterized forum *non conveniens* as, essentially,
> 'a supervening venue provision, permitting displacement of the
> ordinary rules of venue when, in light of certain conditions, the
> trial court thinks that jurisdiction ought to be declined [cit. om.]';
> [cit. om. stating ***forum non conveniens 'involves a deliberate
> abstention from the exercise of jurisdiction'***]. . . *Steel Co. [v.
> Citizens for a Better Environment*, 523 U.S. 83 (1998)] clarified
> that a federal court generally may not rule on the merits of a
> case without first determining that it has jurisdiction over the
> category of claim in suit (subject matter jurisdiction) and
> the parties (personal jurisdiction) [cit. om.]. '***Without jurisdiction
> the court cannot proceed at all in any cause;' it may not assume
> jurisdiction for the purpose of deciding the merits of the case***
> [cit. om.].  ***While Steel Co. confirmed that jurisdictional questions
> ordinarily must precede merits determinations in dispositional order***,
> *Ruhrgas [AG v. Marathon Oil Co.*, 526 U.S. 574 (1999)] held that
> there is no mandatory 'sequencing of jurisdictional issues' [cit. om.].
> In appropriate circumstances, *Ruhrgas* decided a court may dismiss

for lack of personal jurisdiction without first establishing subject matter jurisdiction [cit. om.].  Both *Steel Co*. and *Ruhrgas* recognized that ***a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits' [cit. om.].  Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause***.  The principle underlying these decisions was well stated by the Seventh Circuit: 'Jurisdiction is vital only if the court proposes to issue a judgment on the merits' [cit. om.] . . .A forum *non conveniens* dismissal [a type of abstention dismissal declining to exercise jurisdiction] 'denies audience to a case on the merits' [cit. om.].  It is a determination that the merits should be adjudicated elsewhere [cits. om.].   The Third Circuit [in this case properly] recognized that forum *non conveniens* 'is a non-merits ground for dismissal' [cit. om.].  A [ ] court therefore may dispose of an action by a forum *non conveniens* dismissal, bypassing questions of subject matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant. . . ***The critical point here, rendering a forum non conveniens determination a threshold, nonmerits issue in the relevant context, is simply this: resolving a forum non conveniens motion does not entail any assumption by the court of substantive 'law-declaring power'*** [cit. om.]." [emphasis added]

Similarly, in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89-95, 101-102 (1998), the United States Supreme Court ruled that a jurisdictionally-based dismissal of a case constitutionally prohibits the court from adjudicating any merits issues under Article III of the United States Constitution:

"It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, *i.e.,* the courts' statutory or constitutional power to adjudicate the case [cits. om.]. . . 'The question whether a federal statute creates a claim for relief is not jurisdictional' [cit. om.]. . . ***The Ninth Circuit has denominated this practice – which it characterizes as 'assuming' jurisdiction for the purpose of deciding the merits – the 'doctrine of hypothetical jurisdiction.' [cit. om.].  We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and this offends fundamental principles of separation of powers***.  This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases.  'Without jurisdiction the court cannot proceed at all in any cause.  ***Jurisdiction is power to declare the law, and when it ceases to exist, the***

*__only function remaining to the court is that of announcing the fact and dismissing the cause.__*' [cit. om.].  'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.  This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.' [cit. om.].  *__The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.__*' [cit. om.]. . . *__Hypothetical jurisdiction produces nothing more than a hypothetical judgment – which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning__* [cits. om.].  Much more than legal niceties are at stake here.  The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects [cits. om.].  *__For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires__*." [emphasis added][4]

Accordingly, since nonparty PICAP and nonparty PICAP counsel have a constitutional right under Article III of the United States Constitution to not be subject to any merits adjudication proceedings involving a jurisdictionally-rejected case, Navient's post-dismissal proceeding against nonparty PICAP and nonparty PICAP Counsel must be withdrawn to an Article III District Court because a resolution of Navient's post-dismissal proceeding requires consideration of non-bankruptcy laws arising under Article

---

[4] *In United States v. Corrick*, 298 U.S. 435, 440 (1936), the United States Supreme Court ruled that an appellate court is constitutionally obligated to vacate a lower court's ruling for lack of subject matter jurisdiction, even where the parties have never raised the subject matter jurisdiction issue:  "The appellants did not raise the question of jurisdiction at the hearing below.  But the lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived by the parties, and the [lower] court should, therefore, have declined *sua sponte*, to proceed in the cause [cits. om.].  And if the record discloses that the lower court was without jurisdiction this [appellate] court will notice the defect, although the parties make no contention concerning it [cits. om.].  While the [lower] court lacked jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit [cits. om.].  The decree must, therefore, be reversed and the cause remanded with directions to dismiss the bill."

III of the United States Constitution.[5]

    C.  **In Addition To The Required Consideration Of Non-Bankruptcy Laws, Arising Under Article III Of The United States Constitution, In Order To Resolve Navient's Post-Dismissal Proceeding Against Nonparty PICAP And Nonparty PICAP Counsel - - Thereby Triggering The Mandatory Withdrawal Of Such Proceeding To An Article III District Court Under 28 U.S.C. 157(d) - - <u>There Also Are Non-Bankruptcy Federal Laws (Apart From The Constitution) That Must Be Considered To Resolve Such Proceeding But Only In The Event</u> That (i) The Article III District Court Were Not To Dismiss Such Proceeding For Lack Of Subject Matter Jurisdiction Under Article III Of The United States Constitution And (ii) The Article III District Court Were To Adjudicate The Merits Of Such Proceeding.**

       <u>**There also are non-bankruptcy federal laws (apart from the Constitution) that must be considered to resolve Navient's post-dismissal proceeding against nonparty PICAP and nonparty PICAP Counsel but only in the event**</u> that (i) the Article III District Court were not to dismiss such proceeding for lack of subject matter jurisdiction under Article III of the United States Constitution and (ii) the Article III District Court were to adjudicate the merits of such proceeding.

       <u>*First*</u>, Navient's post-dismissal proceeding seeking to impose legal fee shifting liability on nonparty PICAP and nonparty PICAP Counsel - - which was filed by Navient on March 29, 2021 more than a month after the involuntary case was dismissed on February 25, 2021 (both orally on the record and in an entered dismissal order later

---

[5] See, e.g., *Picard v. Flinn Investments*, 463 B.R. 280, 287, n. 3 (S.D.N.Y. 2011) ("If mandatory withdrawal protects litigants' constitutional interest in having Article III courts interpret federal statutes that implicate the regulation of interstate commerce, then it should also, *a fortiori*, litigants' interest in having the Article III courts interpret the Constitution. This conclusion follows from the Constitution, if not from 28 U.S.C. 157 itself [cit. om.]."); *In re Dana Corp.*, 379 B.R. 449, 457-459 & n. 66 (S.D.N.Y. 2007) ("Cases construing [28 U.S.C.] 157(d) make clear that when a Bankruptcy Court is called upon to interpret statutes outside its realm of [bankruptcy law] expertise, the District Court is required to remove the reference [cit. om.]" and the 28 U.S.C. 157(d) mandatory withdrawal standard is "satisfied even where a non-bankruptcy federal statute [or the Constitution] only 'arguably conflicts' with the Bankruptcy Code [cit. om.].").

that same day) - - is time-barred under a federal non-bankruptcy statute (and federal non-bankruptcy decisions applying that federal non-bankruptcy statute). Here, the federal non-bankruptcy statute in FRCP 54 governs when a legal fee shifting liability motion is time-barred after the dismissal of a case.[6] FRCP 54(d)(2)(B)(i) requires that a legal fee shifting liability motion must be filed within 14 days after the entry of "judgment." FRCP 54(a) provides that a "judgment" means "a decree and any order from which an appeal lies." 28 U.S.C. 158(a) provides that District Courts have appellate jurisdiction to hear bankruptcy appeals from, inter alia, "orders and decrees."

The United States Court of Appeals for the Second Circuit strictly enforces this 14-day time-period, in this federal non-bankruptcy statute, for the filing of a post-dismissal legal fee liability motion - - failing which the legal fee movant is deemed to be statutorily time-barred from seeking to recover any claimed legal fees. See, e.g., *Tancredi v. Metropolitan Life Ins. Co*., 378 F.3d 220, 227 (2d Cir. 2004):

> "Congress' reason for its 1993 addition to Rule 54(d)(2)(B) (the fourteen-day deadline) were three-fold: (1) to provide notice of the fee motion to the non-movant before the time to appeal expires; (2) to encourage a prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue; and (3) to resolve fee disputes efficiently 'while the services performed are freshly in mind.' Fed.R.Civ.P 54 advisory committee's notes (1993); see *Weyant v Okst*, 198 F.3d 311, 315 (2d Cir. 1999) (noting that the deadline was intended, in part, to minimize 'piecemeal appeals of merits and fee questions'). Allowing district judges to extend the deadline for filing a motion for attorneys' fees without any showing of 'excusable neglect' would impede these efficiency and fairness goals."

Like the Second Circuit, at least four other federal courts of appeal have ruled that the failure to file a timely legal fee motion within 14 days after entry of the underlying dismissal order statutorily bars an attempted legal fee shifting under a fee-shifting statute

---

[6] FRBP 1018 (which governs an involuntary bankruptcy case) incorporates FRBP 7054 (which governs an adversary proceeding in bankruptcy court) which, in turn, incorporates the federal non-bankruptcy statute in FRCP 54.

or a fee-shifting clause in a contract.  See, e.g., *Brown & Pipkins, LLC v. SEIU*, 846 F.3d 716, 729-731 (4th Cir. 2017); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889-890 (9th Cir. 2000); *Logue v. Dore*, 103 F.3d 1040, 1047 (1st Cir. 1997); *United Industries, Inc. v. Simon-Hartley, Ltd.,* 91 F.3d 762, 766 (5th Cir. 1996).[7]

Here, a written dismissal order was entered on February 25, 2021, thereby triggering the statutorily-imposed 14-day period, under a federal non-bankruptcy statute, during which to file a post-dismissal legal fee shifting liability motion.  Navient, however, failed to file its post-dismissal proceeding until more than 30 days later on March 29, 2021.  Thus, even if this Article III District Court were not to dismiss the post-dismissal proceeding for lack of subject matter jurisdiction under Article III of the United States Constitution, the post-dismissal proceeding should still be mandatorily withdrawn based upon a federal non-bankruptcy statute, and federal non-bankruptcy appellate rulings applying that federal non-bankruptcy statute, directing that the post-dismissal proceeding is time-barred under that federal non-bankruptcy statute.

**<u>Second</u>**, Navient's post-dismissal proceeding seeking to impose legal fee shifting liability on nonparty PICAP and nonparty PICAP Counsel is barred under federal non-bankruptcy precedent from the United States Supreme Court applying the "American Rule" against legal fee shifting liability except in limited situations where Congress has provided a "sufficiently specific and explicit indication of its [Congressional] intent to overcome the American Rule's presumption against fee shifting [cit. om.]."  *Peter v.*

---

[7] In 2014, Congress authorized an amendment to FRBP 7054 to make it unequivocally clear that the federal non-bankruptcy statute in FRCP 54 governs a post-dismissal legal fee application.  Pursuant to that Congressional Amendment, a District Court denied a legal fee request of $433,102.78 because the legal fee motion was not filed with the Bankruptcy Court within the statutorily required 14-day period.  *In re Peabody Energy Corp.*, 612 B.R. 916, 919-921 (E.D.Mo. 2020).

*Nantkwest, Inc.*, 140 S.Ct. 365, 370-374 (2019);[8] *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 262-263 (1975) ("But congressional utilization of the private-attorney-general concept can in no sense be construed as a grant of authority to the Judiciary to jettison the traditional rule against nonstatutory allowances to the prevailing party and to award attorneys' fees whenever the courts deem the public policy furthered by a particular statute important enough to warrant the award.").

Here, Navient's post-dismissal proceeding seeks to impose legal fee shifting liability on nonparty PICAP and nonparty PICAP Counsel under 11 U.S.C. 303(i)(1) which provides that "(i) If the court dismisses a [involuntary] petition under this section[9] . . . the court may grant judgment (1) **against the petitioners** and in favor of the debtor for (A) costs; or (b) a reasonable attorney's fee." [emphasis added].  There is no statutory language in 11 U.S.C. 303(i)(1) containing a "sufficiently specific and explicit indication of its [Congressional] intent to overcome the American Rule's presumption against fee shifting" so as to impose legal fee shifting liability on a nonparty, or a nonparty's counsel, or even on petitioners' counsel (as contrasted with "**petitioners**" themselves).[10]

---

[8] Just fifteen months ago, the Supreme Court reaffirmed longstanding federal non-bankruptcy law that (a) "This Court's 'basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule:' Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise [cits. om.].  The American Rule has 'roots in our common law reaching back to at least the 18th century' [cits. om.].; (b) "This Court has never suggested that any statute is exempt from the presumption against fee shifting."; (c) "To determine whether Congress intended to depart from the American Rule presumption, the Court first 'looks to the language of the [statutory] section' at issue [cit. om.]. . . Congress must provide a sufficiently 'specific and explicit' indication of its intent to overcome the American Rule's presumption against fee shifting [cit. om.]."; and (d) "[T]he mere failure to foreclose a fee award 'neither specifically nor explicitly authorizes courts to shift fees' [cit. om.].").  *Peter v. Nantkwest, Inc.*, 140 S.Ct. 365, 370-374 (2019).

[9] The phrase "this section" is a reference to the statutory provisions in U.S.C. 303 governing an involuntary petition - - such as 11 U.S.C. 303(b) and 11 U.S.C. 303(h).

[10] Moreover, when Congress intends to impose legal fee liability on counsel, Congress has specifically and explicitly done so in statutes such as 28 U.S.C. 1927 and FRCP 11 - - neither of which is a recited basis for

*Peter, id*., 140 S.Ct at 37-374.  Thus, even if this Article III District Court were not to dismiss this post-dismissal proceeding for lack of subject matter jurisdiction under Article III of the United States Constitution, or as time-barred under a federal non-bankruptcty statute in FRCP 54, the post-dismissal proceeding should still be mandatorily withdrawn based upon federal non-bankruptcy precedent from the United States Supreme Court applying the "American Rule" against legal fee shifting liability except in limited situations where, unlike the situation here, Congress has provided a "sufficiently specific and explicit indication of its [Congressional] intent to overcome the American Rule's presumption against fee shifting [cit. om.]."  *Id.*

   **<u>Third</u>**, Navient's post-dismissal proceeding seeking to impose legal fee shifting liability on nonparty PICAP and nonparty PICAP Counsel is also independently barred under (a) the federal non-bankruptcy statute in FRCP 24 governing the intervention-joinder rule as to the circumstances under which a person may be legally allowed by a court to intervene into and join a case[11] and/or (b) federal non-bankruptcy precedent from the United States Supreme Court and the Second Circuit applying the federal non-bankruptcy doctrine of judicial estoppel and/or (c) federal non-bankruptcy precedent from the United States Supreme Court applying constitutional due process principles restricting the binding legal effect of a judgment to a "party" to a case, and not extending to a "non-party" who was not legally allowed to become a "party" to a case in compliance with the intervention-joinder statutory requirements.  To avoid duplication of

---

Navient's post-dismissal proceeding against nonparty PICAP Counsel (or counsel for the Petitioning Creditors).

[11] FRBP 1018 (which governs an involuntary bankruptcy case) incorporates FRBP 7024 (which governs an adversary proceeding in bankruptcy court) which, in turn, incorporates the federal non-bankruptcy statute in FRCP 24.

argument about these federal non-bankruptcy laws, the Court is respectfully referred to pp. 9-12 in this memorandum of law for the same.  Thus, even if this Article III District Court were not to dismiss this post-dismissal proceeding for lack of subject matter jurisdiction under Article III of the United States Constitution, or as time-barred under a federal non-bankruptcty statute in FRCP 54, or as barred by federal non-bankruptcy precedent from the United States Supreme Court applying the American Rule presumption against the imposition of legal fee shifting liability, the post-dismissal proceeding should still be mandatorily withdrawn based upon one or more of these three additional, federal, non-bankruptcy law grounds.

## POINT TWO

**PURSUANT TO FRBP 5011(c) AND/OTR FRBP 8007€ AND/OR THE INHERENT ARTICLE III POWER OF THE DISTRICT COURT, <u>AN IMMEDIATE, STATUS QUO, TEMPORARY STAY ORDER SHOULD BE ISSUED</u>, TEMPORARILY RESTRAINING NAVIENT FROM PURSUING ITS POST-DISMISSAL PROCEEDING IN AN ARTICLE 1 BANKRUPTCY COURT <u>UNTIL</u> THIS ARTICLE III DISTRICT COURT, AS STATUTORILY REQUIRED BY 28 U.S.C. 157(d) AND FRBP 5011, DECIDES THIS MOTION FOR A MANDATORY WITHDRAWAL OF SUCH POST-DISMISSAL PROCEEDING TO THIS ARTICLE III DISTRICT COURT.**

28 U.S.C. 157(d) and FRBP 5011(a) provide that a motion for a mandatory withdrawal of a proceeding to an Article III District Court shall be heard and decided by an Article III District Court - - not by an Article I Bankruptcy Court.

FRBP 5011(c) provides that a motion for a stay - - pending an Article III District Court ruling on a motion for a mandatory withdrawal of a proceeding under 28 U.S.C. 157(d) - - "ordinarily" is presented first to the Bankruptcy Court (and, if denied, then to the District Court) but, if a motion for a stay is presented first to the District Court then

the stay motion shall state why it was not presented first to the Bankruptcy Court, and

"Relief granted by the district judge shall be on such terms and conditions as the [district]

judge deems proper."  Here, as set forth above, PICAP and PICAP Counsel presented a

stay application first to the Bankruptcy Court - - and Petitioning Creditors and their

counsel also presented a stay pending appeal application first to the Bankruptcy Court.

Here, as set forth above, the Bankruptcy Court yesterday denied those related stay
applications without providing any factual reason, or legal reason, for the stay denial

order.  Here, as set forth above, the Bankruptcy Court denied those related stay

applications even though Navient failed to submit any opposition to those related

stay applications.  Hence, due to the foregoing, PICAP and PICAP Counsel have been

compelled to file this motion with the District Court for a temporary, status quo, stay

temporarily restraining Navient from pursuing its post-dismissal proceeding in an Article

1 Bankruptcy Court until the District Court, as statutorily required in 28 U.S.C. 157(d)

and FRBP 5011, decides this motion for a mandatory withdrawal of such post-dismissal

proceeding to this Article III District Court.

     Here, as set forth above, Petitioning Creditors and their counsel timely filed an

appeal from the Bankruptcy Court's dismissal orders, and recently moved before the

Bankruptcy Court for a stay pending appeal under FRBP 8007 (which was denied

yesterday by the Bankruptcy Court, without providing any factual reason or legal reason,

and despite the absence of any filed opposition to the stay from Navient).  As to PICAP

and PICAP Counsel, FRBP 8007(b)(2), in a manner similar to FRBVP 5011(c),

authorizes the District Court to issue a stay, pending a District Court ruling - - and FRCP

8007(e) authorizes the issuance of a temporary stay order to suspend the continuation of

proceedings in the Bankruptcy Court in order to protect the rights of any person that is the subject of those proceedings in the Bankruptcy Court, even where (as here) the person that is the subject of those proceedings in the Bankruptcy Court has not filed an appeal from any order of the Bankruptcy Court.  Hence, based upon the same facts and circumstances set forth above involving a District Court stay under FRBP 5011(c), such as the Bankruptcy Court's denial of the prior stay applications, and even though Navient failed to submit any opposition to such stay applications, PICAP and PICAP Counsel have been compelled to file this motion with the District Court for a temporary, status quo, stay temporarily restraining Navient from pursuing its post-dismissal proceeding in an Article 1 Bankruptcy Court until the District Court, as statutorily required in 28 U.S.C. 157(d) and FRBP 5011, decides this motion for a mandatory withdrawal of such post-dismissal proceeding to this Article III District Court.

In addition, the District Court is authorized to issue such temporary stay relief, based on the same facts and circumstances, pursuant to its inherent Article III power.

It is well recognized that an order granting a temporary stay of a proceeding in Bankruptcy Court - - pending a District Court ruling on a motion for a mandatory withdrawal of such proceeding to an Article III District Court under 28 U.S.C. 157(d) - - is treated like any other application for a stay or preliminary injunction under FRCP 65. See, e.g., 1 Collier on Bankruptcy, section 3.04[1][a] (citing cases); *In re Ionosphere Clubs, Inc.*, 1996 WL 3651531, at *1 (S.D.N.Y. June 28, 1996);  *In re Dana Corp.*, 2007 WL 2908221 (S.D.N.Y. Bankr. Oct. 3, 2007) ("The motion for a stay pending a decision on a motion to withdraw the reference follows the same standards as any motion for a stay.") (citing traditional four-factor test for a stay or preliminary injunction).

The Second Circuit has ruled that "**a showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction**." *Faively Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (emphasis added)

"In the Second Circuit, it is well-settled that **an alleged constitutional violation constitutes irreparable harm**. See, e.g., *Connecticut Dep't of Envt'l Prot. v. OSHA*, 356 F.3d 226, 231 (2d Cir. 2004) ("We have held that the alleged violation of a constitutional right triggers a finding of irreparable injury."); *Statharos v. New York City Taxi Limousine Comm'n,* 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is unnecessary."); *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) (clarifying that "it is the **alleged** violation of a constitutional right that triggers a finding of irreparable harm" **and a substantial likelihood of success on the merits of a constitutional violation is not necessary**)." *Yang v. Kellner*, 458 F.Supp.3d 199, 209-210 & 216-218 (S.D.N.Y. 2020) (emphasis added).

Here, as set forth above, nonparty PICAP and nonparty PICAP counsel have alleged a constitutional right under Article III of the United States Constitution to not be subject to any merits adjudication proceedings involving a jurisdictionally-rejected case.

Here, as set forth above, nonparty PICAP and nonparty PICAP have alleged a constitutional due process right under the Fifth and Fourteenth Amendments to the United States Constitution to not be subject of any merits adjudication proceedings involving as jurisdictionally-rejected case.

Thus, nonparty PICAP and nonparty PICAP Counsel have demonstrated the existence of irreparable harm in the absence of a temporary stay enjoining Navient from

continuing its merits-proceeding - - pending a District Court ruling on the motion for a mandatory withdrawal of the proceeding to the District Court under 28 U.S.C. 157(d).

The Second Circuit has ruled that, once irreparable harm exists without a temporary stay, "a substantial likelihood of success on the merits of a constitutional violation is not necessary." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, as set forth above, nonparty PICAP and nonparty PICAP Counsel have demonstrated the existence of a likelihood of success on their position that where, as here, an involuntary bankruptcy case is dismissed on jurisdictional grounds under the federal abstention statute in 11 U.S.C. 305 - - whereby the Bankruptcy Court declines to exercise jurisdiction over the involuntary bankruptcy case - - such a jurisdictionally-based, abstention dismissal means (a) there is no "case or controversy" under Article III of the United States Constitution and, thus (b) the Bankruptcy Court is constitutionally prohibited, under Article III of the United States Constitution, from adjudicating any merits issues in connection with the jurisdictionally-rejected, involuntary bankruptcy case.

Moreover, the Second Circuit has ruled that, so long as there is a sufficiently serious question going to an adjudication of the substantive position of the applicant for a preliminary injunction, then such serious question together with a balance of hardships tipping decidedly in movant's favor, constitutes a legally satisfactory basis for the issuance of the preliminary injunction. See, e.g., *Coca-Cola Co. v. Tropicana Products, Inc.*, 690 F,.3d 312, 414-315 (2d Cir. 1982).

Indeed, if the District Court decides the Article III constitutional issue in favor of nonparty PICAP and nonparty PICAP Counsel, then such a District Court ruling would

jurisdictionally require, *inter alia*, the denial of Navient's post-dismissal proceeding against them (as well as a jurisdictional denial of such proceeding against counsel for Petitioning Creditors).

And, due to the substantively serious legal basis of the Article III constitutional issue, and to avoid the time and cost burden to nonparty PICAP and nonparty PICAP Counsel involving two sets of legal papers on jurisdictional and non-jurisdictional grounds before the Article I Bankruptcy Court and the Article III District Court (particularly where it appears that merits proceedings are constitutionally prohibited in the Bankruptcy Court), **and since Navient never filed any opposition to a temporary stay in the prior stay proceedings before the Bankruptcy Court**, a balance of hardships tips decidedly in favor of movants PICAP and PICAP Counsel for a stay.

Finally, the public interest strongly favors a stay. As set forth above in the cited Supreme Court rulings, there is no greater public interest affected by a lawsuit between private parties than the situation where, as here, a court has exercised adjudicatory power over the merits in a manner inconsistent with the "case or controversy" requirements under Article III of the United States Constitution. Indeed, the overwhelming public interest is self-evident and manifest in ensuring that the judiciary only adjudicates merits issues in an actual "case or controversy" that actually satisfies the requirements of Article of the United States Constitution.

Accordingly, based upon the foregoing, the District Court should issue an **Immediate, Status Quo, Temporary Stay Order**, pursuant to FRBP 5011 and/or FRBP 8007(e) and/or the inherent Article III power of the District Court, temporarily restraining Navient from pursuing its post-dismissal proceeding in an Article I Bankruptcy Court

**until** this Article III District Court, as statutorily required by 28 U.S.C. 157(d) and FRBP

5011, decides this motion for a mandatory withdrawal of such post-dismissal proceeding

to this Article III District Court.

      Alternatively, in order to protect Movants' non-bankruptcy, federal law

(i) Subject Matter Jurisdiction rights arising under Article III of the United States

Constitution, (ii) Due Process rights arising under Articles 5 and 14 of the United States

Constitution and (iii) rights under other non-bankruptcy federal laws identified herein - -
as well as to protect the constitutional separation of powers between Article III District

Courts and Article I Bankruptcy Courts - - the District Court should issue an **Immediate,**

**Status Quo, Temporary Stay Order** temporarily restraining Navient from continuing

its constitutionally prohibited post-dismissal proceeding in an Article I Bankruptcy Court

**until** this Article III District Court determines whether, due to the prior jurisdictional

dismissal of the involuntary case, subject matter jurisdiction exists to adjudicate any

merits issues in the post-dismissal proceeding under Article III of the Constitution.

### CONCLUSION

      Based upon the foregoing, PICAP and PICAP Counsel respectfully request the

Article III District Court grant the requested relief on their motion.

Dated: April 14, 2021

Respectfully submitted,

Law Offices of Michael B. Wolk, P.C.

By: ____/s/ Michael B. Wolk_____

     Michael B. Wolk (MW-2272)
155 East 55th Street, Suite 300
New York, New York 10022
Tel: 917-238-0576
Email: michael.wolk@wolkgroup.com
Counsel for Movants Public Interest Capital,
LLC, Michael B. Wolk, and Law Offices of
Michael B. Wolk, P.C.
