LAW OFFICES OF MICHAEL B. WOLK, P.C.
155 East 55th Street, Suite 300B
New York, New York 10022
Tel:   917-238-0576
Email:  michael.wolk@wolkgroup.com

April 23, 2021

**BY EFILING**

The Honorable John G. Koeltl, U.S.D.J.
United States District Court for the Southern
 District of New York
500 Pearl Street
New York, New York 10007

Re: Movants' Application, **Based Upon The District Court Scheduling Order Issued Two Days Ago [Dkt 14], For A Coterminous Extension** Of The Time For The Completion Of Briefing On A Related Matter Involving A Pending Motion, Under 28 U.S.C. 157(d), For A Mandatory Withdrawal To An Article III District Court Of A Post-Dismissal Proceeding Whose Resolution Requires The Application Of Both:
Bankruptcy Law **And** Federal Non-Bankruptcy Law Arising Under The United States Constitution And/Or Federal Non-Bankruptcy Law Arising Under Federal Non-Bankruptcy Statutes And/Or Federal Non-Bankruptcy Law Arising Under Federal Non-Bankruptcy Decisions Rendered By The United States Supreme Court
**Nonmovant Has Not "Objected" But "Takes No Position"**
Article III District Court Case No: 21-cv-02897 (JGK)
Article I Bankruptcy Court Case No: 21-10249 (MG)

Dear Judge Koeltl:

Two days ago, Your Honor issued a Scheduling Order granting a Time Extension Application by Petitioning Creditors Sarah Bannister, Brandon Hood, LaBarron Tate ("Petitioning Creditors"), and their counsel Smith Law Group LLP and Austin Smith (together, with Petitioning Creditor, the "Appellants"), over the vigorous filed objections lodged by the alleged debtor Navient Solutions, LLC ("Navient"), for an extension of the deadline for Appellants to file a statement of the issues on their appeal (and to designate the items to be included in a record on appeal) **until** seven (7) days after an Article I Bankruptcy Court enters a final order in Navient's post-dismissal legal fee shifting liability proceeding (the ""Proceeding") against, among others, (a) Nonparty Counsel for Petitioning Creditors and (b) Nonparty Counsel for Nonparty Public Interest Capital, LLC ("PICAP").  Dkt. 14 ("Scheduling Order").

Yesterday morning, the Article I Bankruptcy Court, following full briefing, presided over oral argument regarding, *inter alia*, jurisdictional and non-jurisdictional objections as to why the Navient Proceeding impermissibly (if not frivolously) seeks to impose legal fee shifting liability against, among others, Nonparty Counsel for Petitioning Creditors and Nonparty Counsel for Nonparty PICAP.

1

Yesterday morning, after oral argument, the Bankruptcy Court took the matter under advisement and deemed, in substance, that the Navient Proceeding has been submitted for purposes of a jurisdictional and/or nonjurisdictional decision by the Bankruptcy Court.

By virtue of Your Honor's Scheduling Order issued two days ago [Dkt. 14], it appears that all (or virtually all) jurisdictional and non-jurisdictional issues will likely be presented, at the same time, to Your Honor in the Article III District Court, **after** the entry of a final order in the Article I Bankruptcy Court that decides the Navient Proceeding together with the jurisdictional and nonjurisdictional objections thereto.

By virtue of Your Honor's Scheduling Order issued two days ago [Dkt. 14], it appears that the interests of judicial economy and party economy would be served by a Coterminous Extension, in this related matter, to the same time-period set forth in such Scheduling Order, to wit:

A Coterminous Extension of the time for the completion of briefing on a related matter involving a pending motion by Nonparty PICAP and its Nonparty Counsel, under 28 U.S.C. 157(d), for a mandatory withdrawal to an Article III District Court of the Navient Proceeding whose resolution requires the application of both (a) bankruptcy law and (b) federal non-bankruptcy law arising under the United States Constitution and/or federal non-bankruptcy law arising under federal non-bankruptcy statutes and/or federal non-bankruptcy law arising under federal non-bankruptcy decisions rendered by the United States Supreme Court (the "Withdrawal Motion").

Pursuant to Rule 1(E) of Your Honor's Individual Practices, I emailed Navient's counsel yesterday to inquire whether Navient would consent to a Coterminous Extension of the completion of briefing on the Withdrawal Motion to the same time-period in the related appeal as set forth in Your Honor's Scheduling Order issued two days ago [Dkt. 14].

Today, Navient's counsel sent me an email indicating that Navient has not "objected" but "takes no position" on a Coterminous Extension of the Withdrawal Motion.

This is the first application for an extension of time on the Withdrawal Motion. Pursuant to Rule 2(H) of Your Honor's Individual Practices, incorporating Local Civil Rule 6.1, it appears that 11:59 pm on Wednesday April 28, 2021 is the original date for the completion of briefing on the Withdrawal Motion.

It is respectfully requested that Your Honor approve a Coterminous Extension of the completion of briefing on the Withdrawal Motion to the same time-period in the related appeal as set forth in Your Honor's Scheduling Order issued two days ago [Dkt. 14]. Thank you for Your Honor's time and consideration in this matter.

                                                Respectfully submitted,
                                                  /s/ Michael B. Wolk
                                                    Michael B. Wolk

cc: Navient Solutions, LLC (by ECF)
    Petitioning Creditors and their Counsel (by ECF)