```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------------------------

IN RE NAVIENT SOLUTIONS, LLC,

              Putative Debtor.

LABARRON TATE ET AL.,

              Appellants,

    - against -

NAVIENT SOLUTIONS, LLC,

              Appellee.

21-cv-2897 (JGK)

MEMORANDUM OPINION AND ORDER

--------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

    The appellants, LaBarron Tate, Sarah Bannister, and Brandon Hood (also referred to in this Opinion as the "petitioners"), appealed from an order of the United States Bankruptcy Court for the Southern District of New York (Glenn, J.) dismissing the petitioners' petition for involuntary bankruptcy against Navient Solutions, LLC under 11 U.S.C. § 303. This Court affirmed the order of the bankruptcy court. In re Navient Sols., LLC, No. 21-cv-2897, 2022 WL 863409, at *1 (S.D.N.Y. Mar. 23, 2022). The appellants now move for reconsideration of this affirmance. For the following reasons, the motion for reconsideration is **denied**.

                                      I.

    The petitioners are three individuals who at one point took out student loans from Navient. See Supp. to Petition 4, In re Navient Solutions, LLC, No. 21-10249 (Bankr. S.D.N.Y. filed Feb. 10, 2021), ECF No. 2-1 ("Bankr. ECF"). The petitioners later

filed for bankruptcy. See id. at 4, 9. The petitioners argued that their respective bankruptcies discharged their debts to Navient. The petitioners alleged that Navient nonetheless continued to seek repayment of the loans, and that the petitioners did in fact repay Navient a portion of their debts after their bankruptcies. See id. The petitioners brought a petition for involuntary bankruptcy against Navient, on the theory that Navient owed the petitioners the money Navient had collected from the petitioners after their discharges, making the petitioners creditors of Navient. See Bankr. ECF No. 2. Navient moved to dismiss the petition. See Bankr. ECF No. 14.

The bankruptcy court dismissed the petition on four grounds. First, the petitioners' claims were not free of bona fide dispute, as required for an involuntary bankruptcy case by 11 U.S.C. § 303(b). While two courts of appeals had found student loans to be dischargeable in bankruptcy, the petitioners' bankruptcies had not occurred in those circuits. The certification of this question to the Court of Appeals for the Second Circuit also "very strongly suggest[ed] that the dispute . . . [wa]s bona fide."[1] Id. at 5. The bankruptcy court went on to recite several legal and factual disputes that bore

---

[1] Unless otherwise noted, this Opinion omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

on Navient's liability to the petitioners and thereby created a bona fide dispute. The bankruptcy court also gave three alternative grounds for dismissal: that the petition was filed in bad faith; that Navient was not generally failing to pay its undisputed debts as they became due as required by § 303(h); and that the bankruptcy court would in any event have abstained under 11 U.S.C. § 305(a)(1). The bankruptcy court also awarded attorney's fees.

On appeal, this Court rejected all of the petitioners' contentions. The Court found that the petitioners had failed to state a claim upon which relief could be granted because the petitioners had not alleged two of the elements of a claim for involuntary bankruptcy: that Navient was generally not paying its debts, and that the debts allegedly owed by Navient to the petitioners were not subject to a bona fide dispute. Navient, 2022 WL 863409, at *5-6. The Court also found that the bankruptcy court did not abuse its discretion in finding that the petition was filed in bad faith sufficient to warrant dismissal, and rejected the petitioners' arguments regarding the bankruptcy court's decision to abstain. Id. at *8-10. Accordingly, the Court affirmed the bankruptcy court's dismissal of the involuntary petition. Id. at *10. The Court also affirmed the bankruptcy court's award of attorney's fees. Id. at *12.

The petitioners now move for reconsideration of this Court's affirmance of the dismissal. ECF No. 30. The petitioners contend that the Court erroneously raised the pleading standard with respect to the element of the absence of a bona fide dispute. Id. The petitioners also argue that they stated a claim on which relief could be granted because they used Form 205. Id. The petitioners do not directly challenge the Court's affirmance of the bankruptcy court's award of attorney's fees. See id. For the following reasons, the motion for reconsideration is **denied**.

## II.
### A.

First, the motion for reconsideration is denied because the petitioners have not met their "heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Hollander v. Members of Bd. of Regents of Univ. of N.Y., 524 F. App'x 727, 729 (2d Cir. 2013). The petitioners cite, as a case that the Court allegedly overlooked, Swierkiewicz v. Sorema N. A., 534 U.S. 506 (2002). However, Swierkiewicz stands only for the proposition that a plaintiff in a discrimination case does not have to plead a prima facie case under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to survive a motion to dismiss. See Mandala v. NTT Data, Inc., 975 F.3d 202, 208 (2d Cir. 2020). The proper standard to be applied

to a motion to dismiss a petition for involuntary bankruptcy is the standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). See, e.g., In re Betteroads Asphalt, LLC, 594 B.R. 516, 528, 539-40 (Bankr. D.P.R. 2018) (applying the standard from Twombly and Iqbal to a motion to dismiss an involuntary bankruptcy petition).

**B.**

Second, the motion for reconsideration is denied because the ground for reconsideration proffered by the petitioners would not change the outcome of the case. See Taylor v. Sheltered Workshop for the Disabled, Inc., 413 F. App'x 367, 368 (2d Cir. 2011). The petitioners challenge the affirmance of the dismissal based on their failure to state a claim, but do not challenge any of the other independent and sufficient grounds for affirmance. See ECF No. 30. Accordingly, because the Court would have affirmed the dismissal of the involuntary petition on the bases that are unchallenged, reconsideration is denied on that basis. See Taylor, 413 F. App'x at 368.

**C.**

Finally, the motion for reconsideration is denied because the petitioners' arguments are without merit. The petitioners argue that the Court erroneously held the petitioners to a heightened pleading standard. But the petitioners concede that

5

they were required to plead that their claims were not subject to a bona fide dispute. ECF No. 30, at 3. The Court agrees with the petitioners that the petitioners were not required to <u>prove</u> the absence of a bona fide dispute — but the petitioners failed even to plead it. Taking as true the non-conclusory allegations in the petition and considering the materials of which the Court could take judicial notice, it was plain that there was a bona fide dispute as to Navient's debts to the petitioners. See Navient, 2022 WL 863409, at *6-7. The petitioners cite In re B.D. Int'l Disc. Corp., 701 F.2d 1071, 1077 (2d Cir. 1983), but unlike the putative debtor in that case, and as in In re Nargassans, 103 B.R. 446 (Bankr. S.D.N.Y. 1989), (which the petitioners also cite), Navient identified, based on materials properly considered on a motion to dismiss, a controversy that created a bona fide dispute as to the debts underlying the petition for involuntary bankruptcy. Accordingly, the petitioners failed to plead the absence of a bona fide dispute, and therefore failed to plead an element of their claim, which was therefore properly dismissed.

The petitioners also argue that their use of Bankruptcy Form 205 rendered their claim per se legally sufficient. Form 205 is the form required to begin an involuntary bankruptcy petition. However, courts frequently dismiss involuntary bankruptcy petitions despite the petitioners' filing of Form

6

205, see, e.g., In re TPG Troy, LLC, 793 F.3d 228, 233 (2d Cir. 2015); Involuntary Petition, In re TPG Troy, LLC, No. 12-14965 (Bankr. S.D.N.Y. Dec. 21, 2012), ECF No. 1, and even when petitioners supplement that form with further allegations, see, e.g., In re Skybridge Spectrum Found., No. 21-5, 2021 WL 2326595, at *1 (Bankr. D.D.C. June 3, 2021). It follows that Form 205 may be necessary to state a claim for involuntary bankruptcy, but is not always sufficient. Indeed, Form 205 allows petitioners to provide supplemental allegations in "additional sheets," suggesting that Form 205 anticipates that further allegations may sometimes be required to state a claim on which relief can be granted. In this case, Navient proffered materials of which the Court could take judicial notice on a motion to dismiss that demonstrated the existence of a bona fide dispute. Accordingly, in this case, the barebones allegations in Form 205 were not sufficient to state a claim for involuntary bankruptcy.

## Conclusion

The Court has considered all of the arguments of the parties. To the extent not addressed above, the arguments are either moot or without merit. For the foregoing reasons, the

motion for reconsideration is **denied**. The Clerk is directed to close ECF No. 30.

SO ORDERED.

New York, NY
May 11, 2022

_____
John G. Koeltl
United States District Judge